UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

QUALITY FIRST MEDICAL SUPPLIES, LLC, )
d/b/a Quality First Pharmacy, LLC, )
                                                             )
              **Plaintiff,**              )
                                                             )
v.                                               )        Case No. 11-CV-0263-CVE-PJC
                                                            )
**QUALITY FIRST MEDICAL CENTERS, INC,** )
                                                             )
              **Defendant.**            )

## **OPINION AND ORDER**

This matter comes on for consideration of plaintiff's Motion for Default Judgment (Dkt. # 14). Plaintiff has obtained clerk's entry of default against defendant and requests a default judgment in its favor. Plaintiff asks the Court to cancel a trademark for use of the phrase "Quality First" issued by the United States Patent and Trademark Office to defendant Quality First Medical Centers, Inc. Dkt. # 9, at 5-6. Plaintiff also requests a declaratory judgment that its use of the phrase "Quality First" does not constitute trademark infringement. Id. at 6.

Plaintiff is a limited liability company organized under Oklahoma law with its principal place of business in Tulsa, Oklahoma. Dkt. # 9, at 3. Defendant is incorporated in Illinois and maintains its principal place of business in Chicago, Illinois. Id. On April 18, 2011, defendant sent a letter to plaintiff asking it to cease and desist from further use of defendant's trademark, "Quality First," and demanding that plaintiff pay defendant $1,500 no later than May 3, 2011. Dkt. # 9, at 8-9. Instead of responding to defendant's letter, plaintiff filed this case on April 29, 2011 alleging that defendant's trademark was invalid. Dkt. # 2. Plaintiff does not allege that it had any additional communication with defendant before it filed this case. The complaint alleged claims for

cancellation of defendant's trademark and declaratory judgment as to plaintiff's use of the phrase "Quality First." Dkt. # 2, at 4-6. Plaintiff served the complaint on defendant's attorney, David M. Adler, and Adler advised plaintiff that he was not authorized to accept service on behalf of defendant. Dkt. # 9, at 11. Plaintiff filed an amended complaint that made no changes to its substantive claims, but identified the correct registered agent for service on defendant. Dkt. # 9, at 2. Plaintiff filed a return of service stating that it had served defendant with a summons and copy of the amended complaint on May 26, 2011. Dkt. # 12. Defendant did not file an answer or otherwise respond to the amended complaint, and plaintiff filed a motion for clerk's entry of default (Dkt. # 13). The court clerk entered defendant's default on July 7, 2011. Dkt. # 17. Plaintiff asks the Court to enter default judgment in its favor on both of its claims. Dkt. # 14.

The Court has reviewed plaintiff's motion for default judgment and the amended complaint, and it is not clear that the Court has personal jurisdiction over defendant. The Court must have personal jurisdiction over a nonresident defendant before entering a default judgment against that party. Bixler v. Foster, 596 F.3d 751 (10th Cir. 2010). The Tenth Circuit has clearly held that a "default judgment in a civil case is void if there is no personal jurisdiction over the defendant." Hukill v. Oklahoma Native American Domestic Violence Coalition, 542 F.3d 794, 797 (10th Cir. 2008) (quoting United States v. Bigford, 365 F.3d 859, 865 (10th Cir. 2004)). A federal district court has an affirmative duty to determine whether it has personal jurisdiction over a defendant before granting a motion for default judgment. Dennis Garberg & Assocs., Inc. v. Pack-Tech Int'l Corp., 115 F.3d 767, 771 (10th Cir. 1997).

In a case where jurisdiction is based on the existence of a federal question, the court must determine "(1) 'whether the applicable statute potentially confers jurisdiction' by authorizing service

2

of process on the defendant and (2) 'whether the exercise of jurisdiction comports with due process.'" Peay v. BellSouth Med. Assistance Plan, 205 F.3d 1206, 1209 (10th Cir. 2000). Plaintiff cites the Lanham Act, 15 U.S.C. § 1114, as well as 15 U.S.C. § 1125(C), as the basis for its claims, but neither statute authorizes nationwide service of process. be2 LLC v. Ivanov, 642 F.3d 555 (7th Cir. 2011); Lunatrex, LLC v. Cafasso, 674 F. Supp. 2d 1060 (S.D. Ind. 2009). Absent a statute authorizing nationwide service, the Court must defer to Fed. R. Civ. P. 4(k)(1)(A) and consider whether a defendant is subject to the jurisdiction of a court of general jurisdiction in the state where the district court is located. Trujillo v. Williams, 465 F.3d 1210, 1217 (10th Cir. 2006). To demonstrate the existence of personal jurisdiction over a nonresident defendant, plaintiff must demonstrate the existence of every fact required to satisfy both the forum's long-arm statute and the Due Process Clause of the United States Constitution. See OKLA. STAT. tit. 12, § 2004(F). "Because Oklahoma's long-arm statute permits the exercise of jurisdiction that is consistent with the United States Constitution, the personal jurisdiction inquiry under Oklahoma law collapses into the single due process inquiry." Intercon, Inc. v. Bell Atl. Internet Solutions, Inc., 205 F.3d 1244, 1247 (10th Cir. 2000) (citing Rambo v. Am. S. Ins. Co., 839 F.2d 1415, 1416 (10th Cir. 1988)); see also Hough v. Leonard, 867 P.2d 438, 442 (Okla. 1993).

"Due process requires that the nonresident defendant's conduct and connection with the forum state are such that the nonresident could reasonably anticipate being haled into court in that state." Conoco, Inc. v. Agrico Chem. Co., 115 P.3d 829, 835 (Okla. 2004) (citing World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 297 (1980)). "The Due Process Clause permits the exercise of personal jurisdiction over a nonresident defendant 'so long as there exist minimum contacts between the defendant and the forum State.'" Intercon, 205 F.3d at 1247 (quoting World-

Wide Volkswagen, 444 U.S. at 291). The existence of such minimum contacts must be shown to support the exercise of either general jurisdiction or specific jurisdiction. A court "may, consistent with due process, assert specific jurisdiction over a nonresident defendant 'if the defendant has purposefully directed his activities at the residents of the forum, and the litigation results from alleged injuries that arise out of or relate to those activities.'" Intercon, 205 F.3d at 1247 (quoting Burger King, 471 U.S. at 472). "When a plaintiff's cause of action does not arise directly from a defendant's forum related activities, the court may nonetheless maintain general personal jurisdiction over the defendant based on the defendant's business contacts with the forum state." Intercon, 205 F.3d at 1247 (citing Helicopteros Nacionales de Colombia v. Hall, 466 U.S. 408, 414-16 & n.9 (1984)).

The Court will initially consider whether it has specific personal jurisdiction over defendant. The primary fact plaintiff relies upon to establish personal jurisdiction is that defendant sent a cease and desist letter to plaintiff on April 18, 2011. A plaintiff may demonstrate that personal jurisdiction over a nonresident defendant is appropriate based on a cease and desist letter <u>and</u> some other conduct directed at the forum state, but a cease and desist letter alone is insufficient to confer personal jurisdiction over a defendant in a trademark infringement case. Mobile Anesthesiologists Chicago, LLC v. Anesthesia Assocs. of Houston Metroplex, P.A., 623 F.3d 440, 446-47 (7th Cir. 2010); Green Edge Enter., LLC v. Rubber Mulch Etc., LLC, 620 F.3d 1287, 1301 (Fed. Cir. 2010); Beacon Enter., Inc. v. Menzies, 715 F.2d 757, 766 (2d Cir. 1983); see also Ham v. La Cienega Music Co., 4 F.3d 413, 416 (5th Cir. 1993) (a cease and desist letter sent to the plaintiff in a copyright case was relevant to the existence of a live controversy between the parties, but it did not show that the defendant attempted to avail itself of any protection under Texas law). A cease and

4

desist letter is intended to inform others of the trademark holders's rights and is directed at a party in a particular forum, but a cease and desist letter does "not constitute the sort of purposeful availment that subjects the sender to personal jurisdiction." Holtan Holdings, Inc. v. American Pie Pizza & Salads, Inc., 2010 WL 4237428, *3 (D. Minn. Oct. 21, 2010). Thus, the April 18, 2011 cease and desist letter is not sufficient by itself to show that the Court has personal jurisdiction over defendant. Plaintiff has not identified any other contacts between the parties before this case was filed. The amended complaint also contains no allegations that defendant purposefully directed any other action toward an Oklahoma resident in relation to the subject matter of this lawsuit, and the Court finds no basis to exercise specific personal jurisdiction over defendant.

Plaintiff also cites a statement in defendant's April 18, 2011 letter that defendant "provides a wide variety of medical-related products and services to consumers and physicians throughout the United States," and plaintiff may be asserting that this statement subjects defendant to general personal jurisdiction in Oklahoma. See Dkt. # 9, at 3. While personal jurisdiction may be based on a defendant's contacts with the forum state unrelated to the lawsuit, this statement is wholly insufficient to show that defendant engaged in continuous and systemic contact with Oklahoma and that defendant could reasonably have expected to be sued in Oklahoma. Benton v. Cameco Corp., 375 F.3d 1070, 1080 (10th Cir. 2004) ("[b]ecause general jurisdiction is not related to the events giving rise to the suit, courts impose a more stringent minimum contacts test, requiring the plaintiff to demonstrate the defendant's continuous and systematic general business contacts"). Plaintiff's vague allegation that defendant conducts business throughout the United States does not show that defendant has continuous and systematic contacts with Oklahoma. Based on the allegations of the complaint, the Court does not have general personal jurisdiction over defendant.

The Court finds plaintiff's motion for default judgment should be denied, because the Court has determined that it lacks personal jurisdiction over defendant based on the allegations of the complaint. There is a substantial likelihood that a default judgment entered against defendant would be void and unenforceable. Plaintiff will be given an opportunity to submit evidence showing that this Court has personal jurisdiction over defendant and, if plaintiff declines to do so or fails to make this showing, plaintiff's claims will dismissed without prejudice.

**IT IS THEREFORE ORDERED** that plaintiff's Motion for Default Judgment (Dkt. # 14) is **denied**.

**IT IS FURTHER ORDERED** that plaintiff is directed to show cause no later than **July 28, 2011** why this case should not be dismissed for lack of personal jurisdiction over defendant.

**DATED** this 19th day of July, 2011.

*[signature]*
CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT